```
1                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
2                         WESTERN DIVISION

3

4    MICHAEL RENZ, et al.,          Case No. 3:20-cv-1948
                                    Toledo, Ohio
5              Plaintiffs,

6        vs.                        WEDNESDAY, SEPTEMBER 9, 2020

7

     STATE OF OHIO, et al.,
8
               Defendants.
9

10            TRANSCRIPT OF PHONE STATUS PROCEEDINGS
               BEFORE THE HONORABLE JAMES G. CARR
11             UNITED STATES SENIOR DISTRICT JUDGE

12

     APPEARANCES:
13
     For Plaintiffs:          THOMAS B. RENZ, Esquire
14                            ROBERT J. GARGASZ, Esquire

15

     For Defendants:          MARION H. LITTLE, JR., Esquire
16

17

18

19

20   Official Court Reporter:   Stacey L. Kiprotich, RMR, CRR
                                United States District Court
21                              1716 Spielbusch Avenue, Suite 120
                                Toledo, Ohio 43604
22                              (419) 213-5520

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

|  | |
|---|---|
| 1 | **Wednesday, September 9, 2020** |
| 2 | -  -  - |
| 3 | (Proceedings commenced at 8:29 a.m.) |
| 4 | -  -  - |
| 08:30:51  5 | JUDICIAL ASSISTANT:  Good morning, Counsel. |
| 6 | This is Elizabeth from Judge Carr's chambers.  Before I |
| 7 | connect you to Judge Carr, I want to take a short roll call. |
| 8 | Is Mr. Gargasz on the line? |
| 9 | MR. GARGASZ:  Yes, ma'am. |
| 08:31:02 10 | JUDICIAL ASSISTANT:  Thank you.  I hope I |
| 11 | didn't mispronounce your name. |
| 12 | MR. GARGASZ:  That's good. |
| 13 | JUDICIAL ASSISTANT:  Mr. Renz. |
| 14 | MR. RENZ:  Yes, ma'am. |
| 08:31:10 15 | JUDICIAL ASSISTANT:  Mr. Little. |
| 16 | MR. LITTLE:  Yes, I'm here.  Thank you. |
| 17 | JUDICIAL ASSISTANT:  And, Stacey, are you on |
| 18 | the line? |
| 19 | THE COURT REPORTER:  Good morning. |
| 08:31:23 20 | JUDICIAL ASSISTANT:  Good morning, Stacey. |
| 21 | Counsel, Stacey is our court reporter.  So this is a |
| 22 | reminder, because we're not in the courtroom, we need |
| 23 | everyone to identify themselves before they speak. |
| 24 | Please stand by for Judge Carr.  One moment. |
| 08:33:46 25 | Counsel, I now have Judge Carr on the line.  Please |

1    identify yourselves and your clients for Judge Carr,

2    beginning with the plaintiff.

3                MR. RENZ:  My name is Thomas Renz.  The

4    plaintiffs are Renz, et al.  We've got a list of them, if

08:34:03  5    you would like me to give them.

6                THE COURT:  Oh, that's quite all right.

7                MR. RENZ:  Okay.

8                MR. GARGASZ:  Attorney Robert J. Gargasz for

9    the plaintiffs, co-counsel.

08:34:13  10                THE COURT:  Okay.

11                MR. LITTLE:  May it please the Court, Marion

12    Little on behalf of the State of Ohio.

13                THE COURT:  Okay.  And anyone else with you?

14                MR. LITTLE:  No, Your Honor.

08:34:24  15                THE COURT:  Okeydoke.

16        I read the complaint and have reviewed some of the

17    affidavit.

18        First, I would like to make a suggestion to

19    plaintiffs' counsel.  If I understand correctly, the one

08:34:45  20    document you have, it is posed as a complaint and your

21    motion for injunctive relief; is that correct?

22                MR. RENZ:  Yes, Your Honor.

23                THE COURT:  Well, candidly, it's a bit

24    unorthodox, and I really would like you to separate the two.

08:35:03  25    It certainly would make it much easier for me, both in terms

1    of dealing with any responsive pleading directly to the

2    complaint -- I have no idea, of course, if there will be

3    any -- as well as the motion for injunctive relief.  And so

4    what I would like you to do is simply either, you know -- I

08:35:30  5    can give you leave to file a supplemental pleading or a

6    revised complaint and motion for injunctive relief.  And,

7    you know, I'm not suggesting that your complaint be

8    dismissed or anything, or the current pleading, but it's

9    really kind of tangled together.

08:35:54  10                 MR. RENZ:  Yes.

11                 THE COURT:  If you could untangle it, separate

12    the threads, and then we can go from there.  Okay?

13                 MR. RENZ:  Yes, Your Honor.

14                 THE COURT:  Okay.  And another thing, just

08:36:10  15    sort of heads up for all of you, I have a vision impairment,

16    a retinal deterioration, it is a form of macular

17    degeneration.  And reading is -- I can do it, but actually

18    I, for some time now, have been doing most of my, quote,

19    "reading" by audio.  I can actually listen more quickly than

08:36:33  20    I could read where, if I did not have the impairment, I

21    could comprehend deeply well and so forth.

22         But I would ask that all parties, and this is going to

23    be sort of just a standard sort of request, please be as

24    concise as you could.  I don't want you to shortchange your

08:36:54  25    clients.  I don't want any parties to shortchange their

1    clients or themselves, the lawyers.  But, for instance, the

2    affidavits of the Calderaros -- I think that was their name,

3    the married couple --

4            MR. RENZ:  Yeah.

08:37:09   5            THE COURT:  -- they were basically duplicative

6    and quite lengthy, which, of course, bogs me down in terms

7    of getting through the affidavits, which of course, I will

8    in due course.  But at this stage, it was more to simply

9    familiarize myself with the underlying circumstances and the

08:37:29  10    factual allegations.  So if you could, please, keep your

11    editorial -- and this applies to everybody, okay.

12        I don't think plaintiffs' counsel has been in front of

13    me before.  Maybe you have and I just don't recall.  But in

14    terms of our local rules, I'm not a stopwatch or time clock

08:37:53  15    judge.  I do not impose seek leave to exceed the 20-page

16    limitation for briefs.  Quite candidly, for going on

17    40 years, I say to lawyers, the longer it gets, the less

18    persuasive it can become.  At some point, one gets bogged

19    down a bit.  So just a general request to everybody that

08:38:17  20    I've been making pretty regularly to people.

21        Okay.  So that being said, in terms of what sort of

22    time do you think you would need to submit a revised

23    complaint and motion for injunctive relief?  You fill in the

24    blanks.  It doesn't matter to me.

08:38:35  25            MR. RENZ:  I would say by early next week at

1    the latest, Your Honor.

2         This is Tom Renz for the plaintiffs.

3              THE COURT:  Well, why don't I give you until

4    October 1st, okay.  Just, you know, take your time.  That's

08:38:50  5    fine.

6         And then, of course, the other thing would be -- so,

7    basically, leave granted sua sponte to plaintiffs to submit

8    revised complaint and revised motion for injunctive relief,

9    to submit on or before let's say October 1st.  If you get it

08:39:18 10    in any sooner, that's fine.

11         And then, Mr. Little, in terms of time for a

12    responsive pleading, again, how much time do you want either

13    to answer or file a Rule 12 motion?

14              MR. LITTLE:  Would 14 days be acceptable to

08:39:38 15    the Court?

16              THE COURT:  It is more acceptable.  Again, my

17    standard timetable is a party has a month to file a motion;

18    the opposing party has a month to oppose; and the movant has

19    two weeks; and then if there is a sur-reply -- if there is a

08:39:58 20    sur-reply, two weeks.  That's sort of my standard timetable.

21    Again, you can file it -- I can tell you to file it in two

22    weeks or October 1st if you want.  Of course -- well, it

23    can't be by October 1st because obviously that's the

24    deadline for the revision to the pleadings.

08:40:19 25         Again, I mean, that's just by default.  If you want me

1     to give you shorter timetables, I mean, there's a lot to go

2     through, of course, again, it is up to you.  It is your case

3     and your client.  It doesn't matter to me, one way or the

4     other.

08:40:34  5     MR. LITTLE:  Thank you, Your Honor.  This is

6     Marion Little.

7     If you would, please, set us at 30 days, and if we

8     have the opportunity to file it earlier than that.

9     THE COURT:  Good.  Okay.  So defendants'

08:40:47 10     responsive pleadings due on or before -- within one month

11     following filing of the revised complaint and motion for

12     injunctive relief; and then you will have, Mr. Renz, the

13     parties will have a month after that to file your

14     opposition; and then two weeks for Mr. Little's reply.

08:41:12 15     And if, despite of your best efforts, you get bogged

16     down, talk to each other.  And if there's any other

17     deadline -- you want to reach an agreement as to, you know,

18     shortening or extending the deadline, that's fine with me.

19     The next thing is on the Rule 26 process.  I'm going

08:41:41 20     to designate the case complex, given the number of claims

21     and contentions.  In any event, that's simply a "check the

22     box" for the clerks.

23     Even if it were a, quote, "expedited" case, I would

24     tell counsel that the limits on discovery in our local rule,

08:42:04 25     that basically my approach is that, you know, in order for

1    it to be reasonable -- I'm sure the plaintiffs don't have

2    the wherewithal to do massive amounts of unnecessary

3    discovery, and, of course, Mr. Little is working off the

4    taxpayer dollar, so I assume that the Attorney General would

08:42:25  5    do it likewise; so take the discovery that you think you

6    need.  Again, my rule is somewhat unorthodox; namely, I know

7    that all of you will be perfectly reasonable, but if the

8    other guy gets out of hand, let me know, and I will take

9    care of it.

08:42:41 10        And another FYI, I do enforce Local Rule 37, which I

11    actually wrote when I became a District Judge back in 1994

12    because of the practice that I developed during 15 years as

13    Magistrate Judge; I handle all discovery disputes myself.  I

14    do not refer them to a Magistrate Judge.  I consider it to

08:43:07 15    be the most important thing I do in managing my civil

16    docket.  And, basically, the rule prohibits filing any

17    motion related to discovery, unless you really try to work

18    it out in good faith and have reached a point where you've

19    got some problems and issues.  Simply send a short email to

08:43:27 20    my office, or attach a very short statement of what

21    generally the disputes are, you know, problems with some of

22    the interrogatories relating to whatever problems or request

23    for admissions relating to whatever, whatever the issue is,

24    give me a heads up.  After that notification comes in, my

08:43:53 25    office will get you on the phone quite promptly.  I can

1    usually get back to you and undertake to respond and resolve

2    the problem the same day, if that's acceptable to the

3    parties.  But invariably, within 24 hours, I will be on the

4    phone to address whatever the discovery disputes are; hear

08:44:18  5    you out; make my decision on the record; an order follows;

6    case moves on down the road.  As I said, it is a very

7    important part of our local rules, so I do expect counsel to

8    follow.

9         Now, with regard to Rule 26 disclosures -- and also I

08:44:42  10   would like you to get together and prepare, this is in lieu

11   of a case management conference, basically what one normally

12   prepares for a case management conference; namely, a report,

13   the parties planning meeting.  I would like you folks to,

14   you know, perhaps in two weeks, I mean, not immediately, not

08:45:05  15   this afternoon or next week, but perhaps after the revised

16   motion and complaint come in, maybe sit down and try to

17   figure out what you need to do with reference to whatever

18   has been filed and just simply file that document.  What I'm

19   going to probably do is set a further status and scheduling

08:45:35  20   conference before I end this conference; and then I will

21   want that document filed, along with a status report, ten

22   days before that conference.

23         With regard to status reports, basically they can be

24   separate or joint, it doesn't matter to me.  Basically tell

08:45:51  25   me where you are in the case; what you need to do; and what

1   you want me to do with regard to any of that.  Again, please

2   don't send me, you know, a 12-page single-spaced document.

3   Just let me know the essence of what you folks need.  I will

4   review it before the conference, and we'll go about the

08:46:21  5   business of addressing whatever it is you need, and, most

6   particularly, what you want me to do.

7        So, you know, that's pretty much what I have in mind,

8   my little to-do list.

9        Let me start with plaintiffs.  I realize I set this

08:46:47  10   conference quite promptly, but obviously it's an important

11   case, and I wanted to get underway with you sooner rather

12   than later, and so that's why so quickly, after the

13   complaint/motion came in, I got you on the phone.

14        So all of that being said, let me start with

08:47:15  15   plaintiffs' counsel.  Other things that came to mind that

16   you might want me to cover in this morning?

17        And, excuse me, Mr. Little, remind me to give you a

18   timetable for responding to the motion, and if you want a

19   separate timetable to respond to the revised complaint, we

08:47:40  20   can talk about that in a minute, or the standard same

21   timetable.

22        So, Mr. Gargasz and Mr. Renz, anything else come to

23   mind at all?

24             MR. RENZ:  Your Honor, I did have, if it

08:47:59  25   pleases the Court, one question.  With regard to the revised

1      complaint and the separated motion for preliminary

2      injunction, were you referring primarily to the motion for

3      preliminary injunction?  Because we're asking for permanent

4      injunctive relief within the complaint as well, so you're

08:48:17  5      talking about separating.

6                  THE COURT:  Normally what I do is bifurcate

7      the two between, the preliminary injunction and then the

8      permanent injunction.  Again, it would seem to me at this

9      stage, it would make better sense just to file a motion for,

08:48:35 10      you know, injunctive relief and go from there.  I assume

11      that you will want to take discovery before --

12                  MR. RENZ:  Yes, Your Honor.

13                  THE COURT:  -- before it becomes decisional.

14      And, likewise, I assume that the Attorney General will want

08:48:51 15      to do likewise.  That's one of the things I would like you

16      guys to sort of figure out a timetable, you know, figure out

17      what sort of discovery you want, whether it's paper

18      discovery, depositions or whatever, and likewise Mr. Little

19      for the defendants.  Talk to each other and figure out the

08:49:16 20      timetable that you think would be sufficient for you to do

21      that.  I don't know whether you are going to have expert

22      discovery or not, retain experts and so forth.

23          I mean, given the multitude of complaints, contentions

24      and allegations, I just infer from that that there's a

08:49:42 25      fairly extensive amount of discovery at this point that you

1    at least have in mind or envisioned.  And, you know, so that

2    this can proceed in some sort of orderly fashion, I would

3    like the sole purpose of the parties planning meeting, you

4    figure out the deadlines within which you can work.  I will

08:50:02  5    review those and discuss those with you.  If they seem too

6    ambitious, I will say so.  If they seem too lax, I will say

7    so, although I rarely do that.

8         Again, I really -- so, yeah, I mean, I think however

9    you want to style it, that's fine with me.  That's a

08:50:29  10   technicality.  It is really more the substance of the relief

11   and the legal basis for it, case citations and so forth, you

12   know, a motion with the supporting memorandum I think would

13   be appropriate.

14        Again, it is your case and you can, you know, include

08:50:51  15   whatever you want, frame it however you want.  But that part

16   of what I'm accustomed to getting and very often in cases

17   involving motions for injunctive relief:  You've got the

18   complaint; you've got the motion; and you've got a

19   memorandum or briefs in support of the relief that you are

08:51:15  20   seeking.

21        And so does that answer your question?

22             MR. RENZ:  Yes, Your Honor.  Thank you so

23   much.

24             THE COURT:  Oh, of course.

08:51:28  25             MR. GARGASZ:  Your Honor, Attorney Bob Gargasz

1    on behalf of the plaintiffs.  If we take a deposition of

2    someone subsequent to the filing of the affidavit in support

3    of the motion for preliminary injunction, how would you have

4    us handle that, just to incorporate it subsequently within

08:51:48  5    the filing?  Particularly, I'm thinking something like Dr.

6    Scott Atlas, you know, he may be hard to get ahold of and

7    schedule the deposition within the next 30 days.

8           THE COURT:  Well, no, I don't expect that.

9       What I want you to do -- all I want you to do is

08:52:08 10    figure out your timetable, when you hope to get things done.

11           MR. GARGASZ:  I see.

12           THE COURT:  No, no.  I do not expect you

13    within 30 days to have a, as it were, a line up of all the

14    deponents or, you know -- absolutely not.  All I'm saying is

08:52:31 15    try to figure out between the two of you what each of you

16    wants to do between the two parties, Mr. Little and you and

17    Mr. Renz.  Okay.  Think to yourselves:  We want to find out

18    this from there in terms of written discovery, and we want

19    to depose these individuals, and this is going to take, to

08:53:02 20    accomplish all of that --

21       There's some kind of humming in the background.  If

22    someone can mute themselves, please, that would be great.  I

23    don't think it's my phone.  Are you there?

24           MR. LITTLE:  I'm here, Your Honor.

08:53:19 25           THE COURT:  Who's the "I'm here"?

1          MR. LITTLE:  Marion Little.

2          THE COURT:  Okay, Mr. Little.  I don't know

3     what's happened.

4        Mr. Gargasz, Mr. Renz?  Elizabeth, can you --

08:53:36  5          MR. RENZ:  I took myself off of mute,

6     Your Honor.  I'm not sure where that's coming from.

7          THE COURT:  Oh, okay.  I don't know what that

8     is.

9          JUDICIAL ASSISTANT:  Stacey, can you hear us?

08:53:51  10    Someone is on the line, Judge.  There are multiple people on

11    this line.

12         THE COURT:  People, this is for the lawyers

13    only.  This is not a public conversation.

14         JUDICIAL ASSISTANT:  Judge, I think we need to

08:54:05  15    just come up with the final dates and schedule -- come up

16    with our status conference.

17         THE COURT:  Okay.  Elizabeth, if you will

18    simply replace the call to the attorneys and myself.

19    Thanks.

08:54:23  20         JUDICIAL ASSISTANT:  Everyone, please redial

21    into the call and into the line.  Thank you.

22              (Pause in the proceedings)

23         JUDICIAL ASSISTANT:  Good morning, again.  It

24    is Elizabeth from Judge Carr's chambers.  Is Mr. Renz on the

08:56:01  25    line?

1           MR. RENZ:  Yes, ma'am.

2           THE COURT:  And co-counsel, plaintiffs'

3    co-counsel?

4           MR. GARGASZ:  Yes, ma'am.  Attorney Bob

08:56:10  5    Gargasz.

6           JUDICIAL ASSISTANT:  Okay.  And, Mr. Little,

7    are you on the line?

8           MR. LITTLE:  I am.  Thank you.

9           JUDICIAL ASSISTANT:  Okay.  Everyone, just a

08:56:17  10    moment, please.  Okay.  Everyone, Judge Carr is back on the

11    line.  And, Stacey, I just want to make sure you're on the

12    line as well.

13           THE COURT REPORTER:  Hi, Elizabeth.

14           THE COURT:  Okay.  Folks, you still there?  I

08:56:43  15    don't know what that was.  My assistant just suggested that

16    perhaps somebody may have been recording that.  I hope not.

17    I have a court reporter, a transcript will be available.

18    Stacey will give you her phone number, and anybody is

19    welcome to share the transcript, if they wish.  But quite

08:57:05  20    candidly, I would be very offended if --

21                   (Phone interruption)

22           THE COURT:  -- and if you are calling in for

23    the 9:00 o'clock, Elizabeth, will you please let them we'll

24    be about probably ten more minutes.

08:57:13  25                   (Discussion held off the record)

1    THE COURT:  But anyway, quite candidly, if

2   this session were being recorded, that is not permitted.  It

3   is a violation of our court rules to engage in any kind of

4   audio or video recording of any court proceeding.  And so if

08:57:42  5   that was going on, and I'm not pointing any fingers, but if

6   it was, I expect counsel will see to it that it's not

7   happening in the future, or that can lead to serious

8   consequences.  I cannot be more plain about that.  The

9   Judicial Conference of the United States absolutely

08:58:02 10   prohibits recording of court proceeding.

11    MR. RENZ:  Your Honor, I will absolutely give

12   you my word that we are not recording anything in my office.

13    Plaintiffs' attorney, Tom Renz.

14    MR. GARGASZ:  Likewise in my office, Judge.

08:58:15 15    Attorney Bob Gargasz for the plaintiffs.

16    MR. LITTLE:  Marion Little (inaudible).

17    THE COURT:  I don't know who might have been,

18   but at least that was a concern that my staff raised in the

19   interim that that may have been going on.  And as I say,

08:58:29 20   that would be a serious breach of an absolute fiat.  I wish

21   court proceedings could be recorded.  I wish we could have

22   cameras in our courtroom.  But if I tried it, the Chief

23   Justice -- this has happened to other District Judges -- the

24   Chief Justice has basically notified them that they are not

08:58:51 25   to do that.  That is a violation of judicial conference

1    policy.  It's not set by me, but I disagree with it, but it

2    is not permissible, and I just want to let folks know it.

3         Anyway, back to all of this, the matters at hand, the

4    matters that matter most.  I've designated the case complex.

08:59:18  5         Rule 26 disclosures, when do you think you can --

6    again, by October 1st?  That is a standard timeframe for

7    parties.  If you think you need more time than that, that's

8    fine.  I would rather take the time at the outset to get

9    things put together in an orderly fashion rather than try

08:59:40 10  to, you know, bang the drum too vigorously and find it all

11   over the place, as we're trying to get from point A to point

12   B, C or D more quickly than makes sense.

13        So why don't I just do this --

14                   (Phone interruption)

08:59:53 15            (Discussion held off the record)

16             THE COURT:  Anyway, the order will be:

17        Initial status scheduling conference held in lieu of

18   case management conference.  It's hereby ordered that:

19        Number one, case designated complex.

09:00:27 20       Number two, the parties to meet and confer and submit

21   a report, the plaintiff parties planning meeting -- or just

22   call it the proposed schedule.  The parties to meet, confer,

23   and submit proposed schedule by, again, let's say

24   October 1st.  Okay?

09:00:48 25       Leave granted, number three.

1    MR. LITTLE:  Your Honor, this is Marion

2  Little.  May I interrupt for just a moment?

3    THE COURT:  Go ahead.

4    MR. LITTLE:  Could we suggest two weeks after

09:00:57  5  that?  Because if the amended pleading is filed by

6  October 1st --

7    THE COURT:  That's fine.

8    MR. LITTLE:  Thank you.

9    THE COURT:  Good suggestion.

09:01:07  10    Hereby on or before October 15th.

11    Leave granted to plaintiffs to file a revised

12  complaint and motion for injunctive relief.

13    Again, Mr. Gargasz, if you can caption that, Mr. Renz,

14  however you want, that's fine with me.

09:01:30  15    And then response to the pleading -- excuse me --

16  defendants to plead or otherwise respond to revised

17  complaint within 30 days -- within one month after filing.

18    And then let's do this:  If you file it October 1st,

19  November -- oh, how about maybe perhaps the Monday of

09:02:12  20  Thanksgiving week?  If you would be available then, let's a

21  have a further status and scheduling conference.

22    JUDICIAL ASSISTANT:  Judge.

23    THE COURT:  Excuse me one second.  Mr. Little,

24  I think, unless the plaintiffs object, I would suggest that

09:02:30  25  perhaps at the -- you hold off filing an opposition to the

1    motion for preliminary injunction until we've had that

2    status conference and we get some sort of idea of the lay of

3    the land in terms of what each of you has in mind in terms

4    of going forward.

09:02:51  5    Let me ask Mr. Gargasz and Mr. Renz.  Is that okay

6    with you?

7    MR. RENZ:  The only request we have,

8    Your Honor, is we do want to ensure that this doesn't get

9    drug on too long, and that's because, you know, our

09:03:04  10   plaintiffs' position is, and we believe, that a lot of

11   rights are being violated.  And so we understand the

12   complexity, and we are certainly grateful for the time to do

13   discovery, because there will be a lot, it will be complex,

14   and it is a very difficult case.  At the same time, we want

09:03:23  15   to balance that with the need to get people back to normal,

16   if you will, so. . .

17   THE COURT:  I understand, okay.  It's been six

18   months since I've hugged our two -- three granddaughters who

19   live nearby, okay.  I understand that.  Believe me, I

09:03:47  20   understand that.  Someday, when you folks are grandparents,

21   you will realize by the time, in my experience with other

22   grandchildren, by the time they hit ten, grandpa is just

23   part of the furniture; he's not a playmate anymore, and this

24   is a very precious age for me, for all of us, okay.

09:04:06  25   MR. GARGASZ:  Judge, this is Bob Gargasz.  I

1    have the same problem.  My kid is in Rhode Island and I

2    can't go to see them, and I got two grandsons up there,

3    brand new, three months and going to be two years on

4    election day.

09:04:20  5            THE COURT:  I understand that.  I mean, so

6    anyway, on the other hand, Mr. Renz, the problem is there is

7    inbuilt tension.  The more that the parties think they need

8    to do to get to the point before the issue can be joined on

9    the injunctive relief, the longer it is going to take.  And

09:04:38  10    that is why I want you guys to get together, and I will have

11    you file that proposed schedule and the status report or

12    reports not later than ten days before the date of the next

13    conference.  Okay?

14            MR. RENZ:  Thank you, Your Honor.

09:04:54  15            THE COURT:  Of course.  Absolutely.

16    One reason why I'm not waiting as I normally would, a

17    month or two, to have this conference is because I read the

18    complaint, I read a fair portion of the affidavits, and I

19    understand the need to be expeditious in judicial response.

09:05:18  20    And so that's what -- this conference is Exhibit A in terms

21    of my understanding of the need to tend to this, and I

22    intend to do it to the best of my ability.

23    Okay.  So, as I say, I will confer with my law clerk

24    shortly when I'm done dictating this, but basically just to

09:05:45  25    summarize:  Revised complaint and motion for injunctive

1    relief to be filed not later than October -- did I say

2    October 1st?

3                    JUDICIAL ASSISTANT:  October 15th.

4                    THE COURT:  Yeah, October 15th.  And then, as

09:06:08  5    I say, I want you folks to get together, and let's have

6    that -- I think we have that next conference a little

7    earlier in November, maybe the first Monday in November.

8    Let's say the second Monday in November, Elizabeth.

9                    JUDICIAL ASSISTANT:  Actually, we can do it on

09:06:29 10    Tuesday, November 10th, at 9:00 a.m.

11                    THE COURT:  Yeah.  And then I will want the

12    parties to submit a proposed schedule or schedules.  If you

13    can get a joint one, that's terrific.  If not, that's fine.

14    I will sort it out at that conference.  Also, status report

09:06:49 15    on or before November 1st, okay, or ten days beforehand.

16        Okay.  All that being said, Mr. Gargasz, anything

17    further?

18                    MR. GARGASZ:  No, Your Honor.

19                    THE COURT:  Mr. Renz, anything further?

09:07:02 20                    MR. RENZ:  Just appreciate your time,

21    Your Honor.

22                    THE COURT:  Well, Mr. Renz, every time a

23    lawyer says that, I do it often, I'm the one guy in the room

24    that is getting paid no matter what they do, okay.  That's

09:07:16 25    my job, okay.  Mr. Little -- excuse me -- Mr. Renz, anything

1   further?  I guess not.  Okay.

2                   MR. RENZ:  No.  Thank you, Your Honor.

3                   MR. LITTLE:  Just a couple items, Your Honor.

4   First, I think it is implicit in the Court's comments, but

09:07:33 5   there is no necessity for us to respond to the current

6   complaint, given that --

7                   THE COURT:  Oh, that's right, yeah, yeah.

8                   MR. LITTLE:  (Inaudible.)

9                   THE COURT:  Absolutely.  And leave granted to

09:07:44 10   defendants to respond to revised complaint within 30 days

11   after its filing.  Okay?

12                   MR. LITTLE:  Certainly.  And then separately,

13   Your Honor, just from a scheduling standpoint --

14                   THE COURT:  Yeah.

09:08:00 15                   MR. LITTLE:  -- is it the Court's expectation

16   that there will be a preliminary injunction hearing in which

17   evidence will be offered?  Or are you anticipating this

18   being resolved on the papers?

19                   THE COURT:  I don't know, okay.  That's what I

09:08:16 20   hope to begin to find out on November 10th.  I mean, it's

21   simply way too early.  I mean, you guys have to talk first

22   to figure out what you need to do, and then whether there

23   are going to be squabbles about that, you know, once -- and,

24   quite candidly, obliterate some of the fog and see what the

09:08:36 25   territory looks like, where the paths may lead, and how

1    rocky or smooth they might be.  So that's the whole purpose

2    of the next conference, is to try to start figuring that

3    out.  We begin with discovery and figure out how much time

4    is going to be needed to get that done; and then we talk

09:08:55 5    about either a hearing and briefing or whatever.  Okay?

6         And then finally, Stacey, why don't you give them your

7    phone number and your name, Stacey Kiprotich.  Go ahead,

8    Stacey.

9              THE COURT REPORTER:  My phone number is:

09:09:04 10   (419) 213-5520.

11             THE COURT:  And, Stacey, if they want a

12   transcript, how long do you think it will take them to get

13   it, a week or so?

14             THE COURT REPORTER:  Yes.  That's right,

09:09:22 15   Judge.  It's about 25 pages.

16             THE COURT:  Okay.  Good enough, folks.  Thank

17   you very much, and I will talk to you in November, and I

18   will await the incoming mail.  Thanks, folks.

19             MR. LITTLE:  Thank you, Your Honor.

09:09:44 20             MR. RENZ:  Thank you, Your Honor.

21             MR. GARGASZ:  Thank you, Judge.

22             (Proceedings concluded at 9:09 a.m.)

                        -  -  -

23                **C E R T I F I C A T E**

        I certify that the foregoing is a correct transcript
24   of the record of proceedings in the above-entitled matter
     prepared from my stenotype notes.

25        */s/ Stacey L. Kiprotich*          *10/06/2020*
          *STACEY L. KIPROTICH, RMR, CRR*          *DATE*