UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. RENZ, et al., | ) | CASE NO.: 3:20-CV-01948 |
| | ) | |
| Plaintiffs, | ) | JUDGE: JAMES G. CARR |
| | ) | |
| vs. | ) | **DEFENDANT OTTAWA COUNTY** |
| | ) | **DEPARTMENT OF PUBLIC HEALTH'S** |
| STATE OF OHIO, et al., | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Ottawa County Department of Public Health respectfully requests that this Honorable Court dismiss all claims against it with prejudice pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure. Plaintiffs have failed to state any claims upon which relief can be granted and their claims fail as a matter of law. A memorandum in support of this Motion follows.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/ David M. Smith*
DAVID M. SMITH (0079400)
CARA M. WRIGHT (0084583)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: dsmith@mrrlaw.com
cwright@mrrlaw.com
aimbrogno@mrrlaw.com

*Counsel for Defendant*
*Ottawa County Department of Public Health*

**MEMORANDUMIN SUPPORT**

## I. STATEMENT OF THE ALLEGATIONS

Defendant Ottawa County Public Health Department is a general health district organized pursuant to Chapter 3709 of the Ohio Revised Code. The Ohio Revised Code empowers the Ottawa County Public Health Department with the authority to "take such steps as are necessary to protect the public health and to prevent disease." R.C. §3709.22.

Plaintiffs in this case appear to be attempting to challenge the orders issued by the Director of the Ohio Department of Health to prevent the spread of COVID-19. Importantly, there are no allegations that the Ottawa County Public Health Department has issued any orders in response to the pandemic. Instead, all of the claims asserted in the Plaintiffs' Amended Complaint challenge actions taken by the State of Ohio and the Director of the Ohio Department- not those taken by the Ottawa County Public Health Department. Despite being 81 pages in length and containing 145 numbered paragraphs, the Plaintiffs' Amended Complaint consists largely of legal conclusions and recitations of law and does not contain many factual allegations.

In fact, the sole allegation related to the Ottawa County Public Health Department is the allegation that "The Ottawa County Board of Public Health has adopted and continued to enforce the illegal and unconstitutional orders issued by the State of Ohio as discussed herein." Amended Complaint, PageID 1528, ¶129.

The Amended Complaint lists eight individual Plaintiffs. Doc. 21, PageID 1460-1461 (unnumbered paragraph). The Amended Complaint is devoid of any factual allegations that any of these Plaintiffs interacted with the Ottawa County Public Health Department in any way. Indeed, only one of the Plaintiffs, Michael B. Renz, appears to have any connection to Ottawa County at all, and that is simply the fact that the address listed for him appears to be an address

located within Ottawa County. *Id.* The Amended Complaint also includes a vague reference to "enforcement of illegal and unconstitutional State emergency orders against 20th Century Lanes" Doc. 21, PagieID 1527-1528. However, the Amended Complaint does not contain any factual allegations related to 20th Century Lanes and 20th Century Lanes is not a party to this litigation. Further, there are no factual allegations that indicate any connection between the Ottawa County Public Health Department and 20th Century Lanes.[1]

These factual allegations are insufficient to state any claims against the Ottawa County Public Health Department, and any claims asserted against the Ottawa County Public Health Department should be dismissed as a matter of law.

## II. STATEMENT OF THE CLAIMS

It is difficult to ascertain that claims that Plaintiffs are asserting in this lawsuit, as the claims are not consistently numbered. However, it appears that Plaintiffs' claims can be summarized as follows:

1) A request for a preliminary injunction;[2]

---

[1] Plaintiffs did attach multiple affidavits as exhibits to their original complaint, Doc. 2. Plaintiffs failed to re-file the affidavits with their Amended Complaint. The original complaint and the affidavits attached to it are a nullity because an amended complaint supersedes all prior complaints. *Drake v. City of Detroit, Michigan*, 466 Fed. Appx. 444, 448 (6th Cir. 2008). Any defects in the Amended Complaint cannot be repaired by prior complaints. *Id.* Should this Honorable Court consider the previously filed affidavits, the Affidavit of Michael Renz only further clarifies that there are no allegations that the Ottawa County Department of Public Health engaged in any enforcement action against Mr. Renz. Instead, the Renz Affidavit makes clear that the only harm Plaintiff Renz claims is that he was unable to find a contractor that would repair pre-existing damage to 20th Century Lanes. Doc. 2-2, PageID 66 (asserting "[w]e had planned to complete repairs [to bowling alley damaged by vehicle collision] but were unable to complete any of this because of the shutdown" even though construction was an essential service and not subject to stay at home order). There are no allegations contained in the Renz Affidavit that the Ottawa County Public Health Department took any enforcement action against any of the Plaintiffs.

[2] Pursuant to this Honorable Court's October 7, 2020 "All other proceedings, including discovery and plaintiff's motion for an injunction, shall be held in abeyance pending adjudication of defendant's motion to dismiss." Accordingly, Defendant Ottawa County Department of Public Health will not address this claim in this Motion. For the reasons stated in this Motion to Dismiss, the Motion for Preliminary Injunction must be denied.

2) A request for a declaration that a state of emergency no longer exists;
3) A request for a declaration that the public health emergency based on Executive Order 2020-01 D has ended;
4) A request for a declaration that actions taken under Executive Order 2020-01D are invalid;
5) A request for a declaration that Executive Order 2020-01D is no longer valid pursuant to R.C. § 119.03(G)(1).
6) A request for a declaration that any orders issued under Executive Order 2020-01D more than 120 days before the present date are invalid;
7) A request for a declaration that the Governor does not have authority to declare a public health emergency for an infectious disease;
8) A request for a permanent injunction against future actions taken under the guise of a public health emergency;
9) A request for a permanent injunction against future public health emergency for more than an extremely limited period of time;
10) Plaintiff's Complaint does not appear to contain a Count 10.
11) A request for injunctive relief against any future enforcement actions by the Ottawa County Board of Health against the implementation or enforcement of state emergency orders;
12) A claim for damages under 42 U.S.C. § 1983.

It appears as though only Counts 11 and Count 12 are directed in any way toward Ottawa County Department of Public Health and, as a result, these are the only counts that will be addressed in this motion. To the extent that any other claims were intended to be asserted against Ottawa County Department of Public Health, it incorporates by reference those arguments contained within the Motion to Dismiss filed on behalf of the State of Ohio, Governor Mike DeWine, former Department of Health Director Amy Acton and Interim Department of Health Director Lance Himes.

## III. LAW AND ARGUMENT

### A. Plaintiffs do not have standing to bring suit against the Ottawa County Department of Public Health.

A plaintiff seeking relief from federal court must establish three elements in order to have standing. *Lujan v. Defenders of Wildlife*, 504 US. 555, 560 (1992). First, the plaintiff must have

suffered an "injury in fact"- an invasion of a legally protected interest which is concrete and particularized and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of- the injury must be fairly traceable to the challenged conduct of the defendant and not the result of the independent action of some third party not before the court. Third, it must be "likely" as opposed to merely "speculative" that the injury will be redressed by a favorable decision." *Id.*

The allegations contained within the Plaintiffs' Complaint fail to satisfy any of these elements. There are no allegations that any of the Plaintiffs have been injured. Even assuming that the Plaintiffs had sufficiently alleged that they were injured (which they have not), there is not a single allegation that any alleged injury can be fairly traceable to any action by the Ottawa County Department of Public Health. Indeed, there are no factual allegations that the Ottawa County Department of Public Health took any action whatsoever. Finally, the allegations contained within the Complaint fail to establish that it is likely that favorable resolution of this case would redress any of the Plaintiffs' claimed injuries.

**B. Plaintiffs' claim for injunctive relief against Ottawa County Department of Public Health fails as a matter of law as there is no actual case or controversy.**

Article III of the United States Constitution requires the existence of an actual case or controversy before a federal court has jurisdiction to exercise judicial power. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A federal court neither has the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgment must resolve a real and substantial controversy admitting of specific relief through a degree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id.*

Plaintiffs' claim for injunctive relief is nothing but speculative, based purely upon hypothetical facts. Indeed, under Count 11, Plaintiffs seek to enjoin "future enforcement actions by the Ottawa County Board of Health." This claim is wholly dependent upon speculation. It is only speculation that there will be future violations of any of the emergency orders issued. There are no allegations that the Ottawa County Department of Public Health has engaged in any enforcement action to date. Plaintiffs' claim that Ottawa County Department of Public Health may engage in such enforcement action in the future is wholly speculative. Plaintiffs have not plausibly alleged any facts that would support their claim that they are entitled to the extraordinary remedy of injunctive relief. This claim must be dismissed.

There simply is no case or controversy and Plaintiffs seek nothing more than an advisory opinion. This claim must be dismissed.

**C. Plaintiffs have failed to plausibly state any claims for relief against Ottawa County Department of Public Health and all claims should be dismissed with prejudice.**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir., 2008), Fed. R. Civ. Pro. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in favor of the plaintiff, accept the plaintiff's factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Bowman v. U.S.,* 564 F.3d 765, 769 (6th Cir., 2008). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d. 673 (6th Cir. 2011), 2011 WL 2135509 (June 1, 2011), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's obligation to provide the grounds for their claimed entitlement

to relief "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Id.*

To survive a Rule 12(b)(6) motion for dismissal, the complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* When this standard is properly applied, it is clear that Plaintiffs' claims against Ottawa County Department of Public Health should be dismissed with prejudice.

**1. The claim brought pursuant to 42 U.S.C. §1983 should be dismissed.**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Adkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a §1983 claim, it must fail. *Id.* Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each defendant, through the defendant's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

It is well established that a plaintiff may only hold a political subdivision, like the Ottawa County Department of Public Health, liable under § 1983 for the entity's own wrongdoing. *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015). Stated otherwise, for a municipal entity to be liable for a violation of §1983, a plaintiff must show (1) a deprivation of a constitutional right and (2) that the municipal entity is responsible for that deprivation." *Id.*

Ottawa County Department of Public Health disputes that Plaintiffs have plausibly set forth any facts that their constitutional rights have been violated in any way. Indeed, there are no factual allegations set forth in the Amended Complaint that would establish that any right secured under the United States Constitution were violated. However, even if the Amended Complaint did plausibly allege a violation, there is not a single factual allegation that establishes any causal connection between an alleged violation and the Ottawa County Department of Public Health.

Plaintiffs have failed to allege a claim under §1983, and this claim should be dismissed with prejudice.

**2. The claim for injunctive relief should be dismissed.**

In determining whether to grant a party's request for injunctive relief, the court should consider the following factors; 1) that the plaintiff has suffered an irreparable injury, 2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction. *United Telephone Southeast, LLC v. Bristol Tennessee Essential Services*, E.D. Tenn. No. 2:14-cv-242, 2015 WL 12186245 (Aug. 5, 2015). The law is clear that a party seeking injunctive relief must establish ongoing or imminent future harm. *Byerly v. Warden Lebanon Correctional Institute*, S.D. No. 2:18-cv-388, 2019 WL 2366326 (June 5, 2019). A complaint for injunctive relief should be dismissed for failure to state a claim if the plaintiff fails to allege facts that plausibly support a finding that the defendant has and will continue to irreparably harm the plaintiff.

In this case, there are no allegations that the Ottawa County Department of Public Health has engaged in any conduct that would irreparably harm the Plaintiffs. This claim fails as a matter of law and should be dismissed.

## IV. CONCLUSION

For these reasons, Defendant Ottawa County Department of Public Health's Motion to Dismiss should be granted, and all claims against it should be dismissed with prejudice.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/ David M. Smith*

DAVID M. SMITH (0079400)
CARA M. WRIGHT (0084583)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: dsmith@mrrlaw.com
cwright@mrrlaw.com
aimbrogno@mrrlaw.com

*Counsel for Defendant*
*Ottawa County Department of Public Health*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant Ottawa County Department of Public Health's Motion to Dismiss was filed electronically on November 6, 2020 and served to all registered parties by operation of the Court's electronic filing system.

*/s/ David M. Smith*
DAVID M. SMITH (0079400)
CARA M. WRIGHT (0084583)
AMILY A. IMBROGNO (0092434)

*Counsel for Defendant*
*Ottawa County Department of Public Health*