UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL B. RENZ, et al.,** | : | |
| Plaintiffs, | : | Case No. 3:20-cv-1948 |
| v. | : | Judge James G. Carr |
| **GOVERNOR MIKE DEWINE, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM OF DEFENDANTS STATE OF OHIO, GOVERNOR MIKE DEWINE, AMY ACTON AND LANCE HIMES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendants State of Ohio, Governor Mike DeWine, Amy Acton and Lance Himes (collectively, the "State Defendants") oppose the motion for preliminary injunction filed by Plaintiffs on October 13, 2020. Based upon the Court's October 7, 2020 Minute Order, our understanding is that Plaintiffs' injunction motion was improperly filed. [See 10/7/2020 Minute Order ("All other proceedings, including discovery and *plaintiff's motion for an injunction*, shall be held in abeyance pending adjudication of defendant's motion to dismiss.") (emphasis added)] Nonetheless, we offer this brief response.

As Plaintiffs acknowledge, they carry a heavy burden to establish four injunction factors. [See Pls' PI Mot (Doc. 22) ¶ 11 ("Plaintiffs also bear the burden of demonstrating their entitlement to a preliminary injunction, and an 'injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it.' Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002).")] Plaintiffs fall woefully short of carrying their burden.

For starters, as explained in detail in the motion to dismiss being filed contemporaneously with this memorandum, Plaintiffs cannot carry their burden of establishing by clear and

convincing evidence a likelihood of success on the merits. The State Defendants incorporate by reference the analysis offered in support of their motion to dismiss.

Perhaps more fundamental, Plaintiffs cannot establish the remaining injunction factors by clear and convincing evidence. In recent months a large body of case law has developed in the context of challenges to COVID-19-related public health measures, and these cases establishes that the non-merits injunction factors weigh *against* enjoining public health measures implemented to combat the spread of COVID-19. As the Sixth Circuit recently observed in a case in which it stayed the lower court's preliminary injunction:

> *Enjoining the actions of elected state officials*, especially in a situation where an infectious disease can and has spread rapidly, *causes irreparable harm*…. Effects on interested parties and the public interest are closely related. Though Plaintiffs bear the very real risk of losing their businesses, *the Governor's interest in combatting COVID-19 is at least equally significant*. To date, the disease has infected thousands of Michiganders, and it has shown the potential to infect many more. *That the public interest weighs in favor of a stay [i.e., against injunctive relief] is apparent for the same reason*.
>
> [League of Indep. Fitness Facilities & Trainers, Inc., v. Whitmer, 2020 U.S. App. LEXIS 19691, *9-10 (6th Cir. June 24, 2020) (emphasis added)]

Accord: Hartman v. Acton, 2020 U.S. Dist. LEXIS 72068, *34-35 (S.D. Ohio Apr. 21, 2020) ("[T]he harm to the public if the Director's order is enjoined is potentially catastrophic.… If the Director's Order is enjoined, *it is not merely livelihoods, but lives that would be put at risk, and the State has an interest in public health and the safety of its citizens*.") (emphasis added); Tigges v. Northam, 2020 U.S. Dist. LEXIS 131592, at *25 (E.D. Va. July 21, 2020) ("The Court cannot understate the public interest at stake here. *The public interest in protecting human life— particularly in the face of a global and unpredictable pandemic—would not be served by*

*enjoining state officials from taking executive action designed to slow the spread of COVID-19*.") (emphasis added); Hayes v. Oregon, 2020 U.S. Dist. LEXIS 144813, at *8-9 (D. Or. Aug. 12, 2020) ("The requested relief would invalidate every order made pursuant to the Governor's declaration of a public emergency which has been in place for months. The harm to the public in granting such a TRO, which may result in more transmissions of COVID-19 and more cases of serious illness and death, far outweighs any potential harm identified in the complaint."); TJM 64, Inc. v. Harris, 2020 U.S. Dist. LEXIS 134037, at *23 (W.D. Tenn. July 29, 2020) ("Enjoining enforcement of the Health Department's COVID-19 Closure Orders would likely cause substantial harm to other members of the community and would not be in the public interest. Preventing Defendants from enforcing the Order would present a risk of serious public harm and foster the continued spread COVID-19 virus…."); Village of Orland Park v. Pritzker, 2020 U.S. Dist. LEXIS 136833, at *42 (N.D. Ill. Aug. 1, 2020) ("Granting a preliminary injunction to Plaintiffs would do extraordinary damage to the state's interest (and the public interest) in preventing the spread of COVID-19 right when many states are experiencing a surge in COVID-19 infections that poses a threat to public health nationwide."); Talleywhacker, Inc. v. Cooper, 2020 U.S. Dist. LEXIS 99905, at *40-41 (E.D.N.C. June 8, 2020) ("where defendant has taken intricate steps to craft reopening policies to balance the public health and economic issues associated with the COVID-19 pandemic, while recognizing the continued severe risks associated with reopening, and where neither the court nor plaintiffs are better positioned to second-guess those determinations, the public interest does not weigh in favor of injunctive relief").

As in these cases, Plaintiffs' request for a preliminary injunction should be denied.

          Respectfully submitted,

          DAVE YOST, Ohio Attorney General

          /s/  Marion H. Little, Jr.
          John W. Zeiger (0010707)
          Marion H. Little, Jr.  (0042679)
          SPECIAL COUNSEL
          ZEIGER, TIGGES & LITTLE LLP
          3500 Huntington Center
          41 S. High Street
          Columbus, Ohio  43215
          Telephone:  (614) 365-9900
          Facsimile:  (614) 365-7900
          zeiger@litohio.com
          little@litohio.com

*Counsel for Defendants State of Ohio, Governor Mike DeWine, Amy Acton, Former Director of the Ohio Department of Health, and Lance D. Himes, Interim Director of the Ohio Department of Health*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2020, a copy of the foregoing was filed electronically with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to counsel of record.

          /s/  Marion H. Little, Jr.
          Marion H. Little, Jr.  (0042679)

1230-022:879980