IN THE UNITED STATES DISTRICT
COURT WESTERN DIVISION FOR THE
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| Michael Renz, Eric Calderaro, et. al , | ) ) ) ) |  |
| Plaintiff | ) | CASE NO. 3:20-cv-1948 |
| Attorneys: | ) |  |
| Thomas Renz (Bar ID 98645) | ) |  |
| 1907 W State St. #162 | ) |  |
| Fremont, OH 43420 | ) |  |
| & |  |  |
| Robert Gargasz (Bar ID 7136) |  |  |
| 1670 Cooper Foster Park Rd. |  |  |
| Lorain, OH 44053 |  |  |
| -vs- | ) ) ) ) | JUDGE: Carr |
| Ottawa County Department of Public Health. | ) | PLAINTIFFS' RESPONSE TO 12b BY DEFENDANT Ottawa County Department of Public Health |
| Defendant(s) | ) ) |  |

**PLAINTIFFS' RESPONSE TO 12B MOTION TO DISMISS BY
<u>OTTAWA COUNTY DEPARTMENT OF HEALTH</u>**

Plaintiffs submit the following Response to the Motion to Dismiss filed by Ottawa

County Department of Public Health. For the foregoing reasons, this Motion should be denied.

1. Rule 8 of the Federal Rules of Civil Procedure states:

    a. (a) Claim for Relief. A pleading that states a claim for relief must contain:

- i. (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
- ii. (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
- iii. (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

And

b. **(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**
- i. (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
- **ii.** (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. **If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. [EMPHASIS ADDED]**
- iii. (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

c. **(e) Construing Pleadings. Pleadings must be construed so as to do justice. [EMPHASIS ADDED]**

2. Arguably, Plaintiffs could have used the allegations in the Plaintiffs affidavits that were incorporated by reference and that we also incorporate here by reference, referenced the law showing entitlement to relief, and completed with a demand for relief sought.

3. Plaintiffs did do all of these things, however, given the demonstrated complete and utter disregard shown by Defendants for the law in response to COVID-19, what was all but certain to be a misguided response by the Defense citing cases taken out of context such as *Jacobson v Massachusetts* 197 U.S.11(U.S. 1905), and the fact that such a tremendous amount of disinformation was being promulgated by the Defendants in this case, it became necessary to include substantial amounts of relevant information within the complaint. The inclusion of that information, however, does not change the requirement for a pleading.

4. The only basis for the motion dismiss from the Ottawa County Public Health Department ("OCHD") is brought forth under 12b(6) – failure to state a claim upon which relief can be granted.

5. In regards to 12b(6) motions, the 6th Circuit has stated that, ""A motion to dismiss for failure to state a claim is disfavored, especially when one's civil rights are at stake." *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012).

6. The Defendants bear the burden of showing that no adequate claim for relief has been presented. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361 n.11 (3d Cir. 2016); *Davis v. Wells Fargo*, 824 F.3d 333, 350 (3d Cir. 2016); *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) ("Rule 12(b)(6) places this burden on the moving party"); *Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014); see Moore's Federal Practice - Civil § 12.34[1]. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in favor of the non-moving party, accept the plaintiff's factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Bowman v. U.S.,* 564 F.3d 765, 769 (6th Cir., 2008).

7. For the Defense to be successful they may only meet this burden by demonstrating that the facts do not show the claim has substantive plausibility. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309, 310 (2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

8. Paragraph 129 in the complaint notes a number of things. We will break this down here.

    a. From the complaint – "The OCHD has adopted and continued to enforce the illegal and unconstitutional orders issued by the State of Ohio as discussed herein."

        i. Here we cited the Ottawa County of Public Health's website where they had adopted/posted the State's guidelines. As pointed out throughout the complaint Plaintiffs believe these guidelines to be unconstitutional. By adopting and/or enforcing these guidelines OCHD has also violated the rights of Plaintiff Renz.

    b. From the complaint – "Particularly relevant are the State's orders related to the shutdown of businesses which was originally issued on March 22, 2020."

        i. Complaint then goes on to cite the equal protection clause which the Supreme Court just referenced in *Roman Catholic Diocese of Brooklyn, New York v. Andrew M Cuomo, Governor of New York,* 592 U. S. \_\_\_\_ (2020). Given the Supreme Court's position on First Amendment rights in that case, the application of freedom of assembly (also referenced in the Complaint) is particularly important.

        ii. The takings clause was also relevant and noted in the complaint. As the representative of Scott and Kathleen Renz and the only small business

        owner when this lawsuit was filed, OCHDs position is particularly relevant to the complaint as it was forced to close without any compensation offered.

    iii. The right to work is implicated and discussed in the Complaint as Plaintiff Renz was unable to work at 20th Century Lanes due to its illegal closure and is still limited due to the continual application of rules that limit hours and force other requirements.

  c. The Counts under state law are also relevant. These Counts are properly before the Court under supplemental jurisdiction – as noted in the complaint – and are being enforced by OCHD. That the rules made by the state in violation of state law is being enforced by OCHD after their expiration is yet another example of an issue put before the Court that meets the 12b(6) standard.

9. OCHD is trying to play both sides of the coin and asking for a 12b dismissal while doing so. On one hand OCHD opens their Memo of Support by stating that they are authorized to "take such steps as are necessary to protect the public health and to prevent disease" while on the other attempting to claim the rules issued by the State are not theirs and they are not enforcing them. As cited in the complaint, OCHD has adopted the Ohio rules, we expect they have taken State money related to COVID-19 and likely premised on enforcing State rules and guidelines, and yet claim no injury is available because the Plaintiffs have not had enforcement actions taken against them. We ask then, is it OCHDs position that Plaintiff Renz should disregard state rules because they will not enforce them? This issue was precisely addressed in *Ex parte* Young, 209 U.S. 123, (1908).

10. There is certainly a case and controversy here. If the Court issues injunctive relief against the enforcement of the illegal and unconstitutional rules created by the state and adopted/enforced by OCHD then Plaintiff Renz will be able to resume normal business operations without threat of further shutdowns or illegally promulgated rules. Further, if the Court awards damages they may assist in making whole lost income for the family and the business.

11. It is difficult to find comparable caselaw where a similar complaint has been filed because at no time in the history of the United States have the Constitution and rights of citizens been so brazenly ignored. As such Plaintiffs simply rely on the plain language of the rules for guidance. Given the plain language of the rules and the long list of alleged Constitutional violations set forth in the Complaint, it seems impossible to conclude that this action is implausible. To the contrary, it seems implausible to the point of being nearly absurd to suggest that there is no case and controversy here.

12. As noted above, in ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in favor of the plaintiff, accept the plaintiff's factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Bowman v. U.S.,* 564 F.3d 765, 769 (6th Cir., 2008). If, as laid out in the complaint, the Defendants have misled the public as to the dangers of this disease, the Defendants have taken numerous actions that have violated both Constitutional and other rights of Plaintiffs and other citizens under the false pretense of an emergency, and the taking of these actions caused injury (which is frequently presumed when Constitutional rights are violated *Roman Catholic Diocese of Brooklyn, New York v. Andrew M Cuomo, Governor of New*

*York,* 592 U. S. \_\_\_\_ (2020) and *Tanzin v. Tanvir.* 592 U.S. \_ (2020) then how can the Defendants suggest that there is no plausible claim?

13. Plaintiff Renz was injured by OCHD. He was injured in multiple ways as laid out in the Complaint. Every detail need not be in the complaint, only enough for a plausible case *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and Plaintiffs have more than met that burden.

14. For the reasons set forth herein Plaintiffs humbly request that the Motions to dismiss be denied.

We respectfully thank the Court for its consideration.

                                                        Respectfully submitted,

                                                        \_\_\_\_/s Thomas Renz_____

ATTORNEY
Thomas Renz
Bar ID: 98645
1907 W State St. #162
Fremont, OH 43420
Phone: 419-351-4248


AND


Robert J. Gargasz, Esq.
SCR #0007136
Robert J. Gargasz Co., LPA
1670 Cooper Foster Park Road
Lorain, OH 44053
Phone (440) 960-1670
Fax (440) 960-1754
Email: rjgargasz@gmail.com