UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL B. RENZ, et al., ) | CASE NO.: 3:20-CV-01948 |
| ) | |
| Plaintiffs, ) | JUDGE: JAMES G. CARR |
| ) | |
| vs. ) | **DEFENDANT OTTAWA COUNTY** |
| ) | **DEPARTMENT OF PUBLIC HEALTH'S** |
| STATE OF OHIO, et al., ) | **REPLY IN SUPPORT OF MOTION TO** |
| ) | **DISMISS** |
| Defendants. ) | |
| ) | |

Plaintiffs' Amended Complaint fails to state any claims against the Ottawa County Department of Public Health. Plaintiffs' hyperbole and rhetoric must be ignored and, instead, this Honorable Court should focus upon the allegations (or in the case, the single factual allegations) contained within the Plaintiffs' Amended Complaint in ruling on the pending Motion to Dismiss. This single fact fails to state a claim upon which relief can be granted and, as a result, Defendant Ottawa County Department of Public Health's Motion to Dismiss must be granted.

**I.      CLARIFICATION OF THE ALLEGATIONS**

Plaintiffs acknowledge that their sprawling, Amended Complaint (containing no less than 81 pages, 145 paragraphs and 226 footnotes) only includes a single allegation that is related to the Ottawa County Department of Public Health. The sole allegation against it is that it "has adopted and continued to enforce the illegal and unconstitutional orders issued by the State of Ohio as discussed herein." Amended Complaint, PageID1528, ¶129. Plaintiffs concede, indirectly, that no enforcement action has been taken or threatened against any of the Plaintiffs by the Ottawa

County Department of Public Health. Doc. 40, PageID 1648. This concession is fatal to the Plaintiffs' claims.[1]

Furthermore, Plaintiffs seek to have this Honorable Court consider factual allegations that are not contained within the Plaintiffs' Complaint. Plaintiffs assert in their Response to Ottawa County Department of Public Health's Motion to Dismiss that "Plaintiff Renz was unable to work at 20th Century Lanes due to its illegal closure and is still limited due to the continual application of rules that limit hours and force other requirements." Doc. 40, PageID 1648. However, the Amended Complaint does not include any allegations that would establish that Plaintiff Renz owns 20th Century Lanes or that Plaintiff Renz has suffered any compensable injury as a result of the orders that have been issued by the State of Ohio through the Director and Interim Director of the Ohio Department of Health. The Sixth Circuit has held that the district court cannot consider matters beyond the complaint and should limit its Rule 12(b)(6) inquiry to the four corners of the amended complaint. *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 Fed. Appx.246, 255 (6th Cir.2015). The sole allegation referencing Defendant Ottawa County Department of Health is insufficient to plausibly state any claims against it. The Motion to Dismiss should be granted and all claims against Defendant Ottawa County Department of Health should be dismissed with prejudice.

---

[1] Specifically, Plaintiffs state in their Response "As cited in the complaint, the OCHD has adopted the Ohio rules, we expect they have taken State money related to COVID-19 and likely premised on enforcing State rules and guidelines, and yet claim no injury is available because the Plaintiffs have not had enforcement action taken against them. We ask then, is it OCHDs position that Plaintiff Renz should disregard state rules because they will not enforce them?" Doc. 40, PageID 1648.

## II. LAW AND ARGUMENT

### A. Standard of Review

Plaintiffs cite to cases outside the Sixth Circuit and to outdated case law in an attempt to distort the standard of review that should be applied to a Rule 12(b)(6) Motion to Dismiss. Contrary to Plaintiffs' assertion that Rule 12(b)(6) Motions to Dismiss are rarely granted, the fact remains that many such motions are granted when-as here- the plaintiff's complaint fails to state a claim upon which relief can be granted.

Instead, the law is clear that the factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, a legal conclusion couched as a factual allegation need not be accepted as true on the motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The scant factual allegations contained within the Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted, and all claims must be dismissed.

### B. Plaintiffs do not have standing.

Plaintiffs do not specifically address the standing arguments advanced by Defendant Ottawa County Department of Public Health. As more fully described in the Motion to Dismiss, the Plaintiffs do not have standing to bring suit against the Ottawa County Department of Public Health, as Plaintiffs have not alleged an injury in fact and have not alleged facts to establish a causal connection between the alleged injury and the Ottawa County Department of Public Health.

Plaintiffs' passing reference to *Ex Parte Young*, 209 U.S. 123 (1908) and apparent reliance upon that case to establish standing is misplaced. *Ex Parte Young* created an exception to Eleventh Amendment immunity and permits, under certain circumstances, actions for injunctive relief against a state official. The claims against the Ottawa County Department of Public Health, however, are not claims against a state official, but instead against a political subdivision of a state. Consequently, neither the Eleventh Amendment, nor the exception created by *Ex Parte Young*, are applicable to this case. *Mt. Healthy City School Bd. of Educ. v. Doyle*, 429 U.S. 264 (1977) (recognizing that under Ohio law the "State" does not include "political subdivisions" and that political subdivisions are not entitled to assert Eleventh Amendment immunity.)

The law is clear that *Ex Parte Young* does not create a cause of action. *Michigan Corrections Organization v. Michigan Dept. of Corrections*, 774 F.3d 895, 905 (6th Cir.2014). In other words, *Ex Parte Young* provides a path around sovereign immunity if the plaintiff already has a cause of action somewhere else. *Id.* Plaintiffs attempt to rely upon *Ex Parte Young* to create a new cause of action and to create standing fails.

Furthermore, the law is clear that "*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir.2015), *citing Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996). Indeed, "general authority to enforce the laws of the state is not sufficient to make government officials proper parties to litigation challenging the law." *Russell*, 784 F.3d at 1048, *citing 1st Westco Corp. v. Sch. Dist. Of Phila.*, 6 F.3d 108, 113 (3rd Cir.1993). Again, there is not a single allegation contained within the Amended Complaint that the Ottawa County Department of Public Health has enforced or threatened to enforce any of the orders issued by the Director or Interim Director of the Ohio Department of Health in response

to the COVID-19 pandemic. As the Ottawa County Department of Public Health has not engaged in any enforcement action, Plaintiffs cannot rely upon *Ex Parte Young* to establish standing in this case.

      **C.**    **There is no actual case or controversy.**

Plaintiffs assert that "there is certainly" a case or controversy here. Doc. 40, PageID 1649. However, Plaintiffs do not cite to any allegations contained within the Amended Complaint that support that baseless assertion. Article III of the United States Constitution requires an actual case or controversy, not mere speculation and conjecture. *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412 (6th Cir. 1996). Again, there are no allegations that Defendant Ottawa County Department of Public Health has enforced or threatened to enforce any of the Director's or Interim Director's order related to the COVID-19 pandemic against the Plaintiffs. As such, there is no actual case or controversy, and the claims should be dismissed.

      **D.**    **Plaintiffs have failed to plausibly allege any claims for relief against the Ottawa County Department of Public Health.**

Although Plaintiffs assert in a cursory manner that the allegations contained within the Amended Complaint are sufficient to withstand a Rule 12(b)(6) Motion to Dismiss, Plaintiffs do not actually address any of the legal arguments presented by Defendant Ottawa County Department of Public Health. Those arguments clearly establish that the single factual allegation related to Defendant Ottawa County Department of Public Health are insufficient to plausibly state any claims against it.

Plaintiffs assert that their Amended Complaint contains "a long list of alleged Constitutional violations" and that this causes the Amended Complaint to state a claim upon which relief can be granted. This is simply not true. The United States Supreme Court has repeatedly instructed that bare assertions of legal conclusions are not sufficient to state a claim upon which

5

relief can be granted. *Igbal,* 55 U.S. 662, 681 (2009). Courts are only to consider well-pleaded facts when ruling upon a motion to dismiss. *Bihn v. Fifth Third Motrg. Co.*, 980 F.Supp.2d 892, 898 (S.D. Ohio 2013). The single factual allegations contained in the Amended Complaint does not satisfy this requirement and the Amended Complaint should be dismissed.

Plaintiffs' citation to and reliance upon *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63 (2020) and *Tanzin v. Tanvir*, 141 S.Ct. 486 (2020) are misplaced. The *Cuomo* case involved a claim that an order issued by the New York governor restricting attendance as religious services violated the First Amendment right to freedom of religion. The *Tanzin* case was brought pursuant to the Religious Freedom Restoration act and alleged a violation of right to free exercise of religion under the First Amendment. There are no allegations that the Ottawa County Department of Public Health has engaged in any conduct that would violate the Plaintiffs' First Amendment rights. These cases are, therefore, wholly inapplicable to the present case and the claims asserted against Defendant Ottawa County Department of Public Health.

The fact remains that the single allegations made against Defendant Ottawa County Department of Public Health fails to state a claim upon which relief can be granted. For this reason, the Motion to Dismiss should be granted and all claims against Defendant Ottawa County Department of Public Health should be dismissed with prejudice.

.

### III. CONCLUSION

For these reasons, Defendant Ottawa County Department of Public Health's Motion to Dismiss must be granted and all claims against it should be dismissed with prejudice.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/ David M. Smith*
DAVID M. SMITH  (0079400)
CARA M. WRIGHT  (0084583)
AMILY A. IMBROGNO  (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:  dsmith@mrrlaw.com
cwright@mrrlaw.com
aimbrogno@mrrlaw.com

*Counsel for Defendant*
*Ottawa County Department of Public Health*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, a copy of the foregoing Defendant Ottawa County's Reply in Support of Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ David M. Smith*
DAVID M. SMITH  (0079400)
CARA M. WRIGHT  (0084583)
AMILY A. IMBROGNO  (0092434)

*Counsel for Defendant*
*Ottawa County Department of Public Health*

PERS-200273/Ds Reply in Support of MTD