IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael B. Renz, et al.,                                                3:20cv1948

       Plaintiffs,

       v.                                                           **ORDER**

The State of Ohio, et al.,

       Defendants.

The seven plaintiffs have filed an eighty-one-page amended complaint, to which they appended and incorporated by reference fifty-nine pages of individual affidavits and declarations, which purport to incorporate voluminous exhibits, including local television news reports, articles, and other materials. (Doc. 21). They assert multiple state statutory and federal constitutional challenges to: 1) Ohio Governor, Mike DeWine's, executive actions in response to the Covid-19 pandemic; and 2) the implementation of those actions by Ohio's former Health Director, Amy Acton, and the Ottawa County, Ohio Health Department.

Pending are the defendants' motions to dismiss. (Docs. 34, 37). On review of the amended complaint, those motions, responsive briefs, and replies (Docs. 39, 40, 41,42), I conclude that, at this point, it better serves both the parties and myself to order the plaintiffs to show cause why I should not dismiss their complaint for failure to comply with Rule 8.

**Background**

On September 1, 2020, plaintiffs filed, as a single pleading, their "Complaint, Demand for A Jury Trial, Motion for Preliminary Injunction." (Doc. 2). That document was fifty-six pages in length and incorporated fifty-nine page of plaintiffs' personal affidavits and declarations. (Doc. 2-2).

On September 8, 2020, plaintiffs filed a supplement to their complaint, consisting of 568 pages of exhibits. (Doc. 9). At the same time, they filed an additional twenty-nine-page supplement of exhibits. (Doc. 10).

On initial review, I found the plaintiffs' unique blending of a Rule 8 complaint and a Rule 65 motion, to which they had attached lengthy affidavits, well-nigh incomprehensible.

That being so, I held a status conference on September 9, 2020.[1] Among other things, I told plaintiffs' counsel – one of whom is the lead plaintiff, Michael B. Renz – that they had to keep the Rule 8 and Rule 65 components separate. (Doc. 18, pgID 1405-06) (Conference Tr.)). I also asked them to shorten the length of their pleadings. (*Id.,* pgID 1406-07). In a Minute Order of that date I *sua sponte* granted plaintiffs leave to file an amended complaint.

On September 28, 2020 plaintiffs' counsel filed the amended complaint that is now before me. (Doc. 13). They have not, however, avoided mixing in matter – such as arguments and case citations - that belong in a brief in support of a preliminary injunction.[2]

I now turn to the amended complaint's more substantial and substantive failings.

---

[1] I was not then aware of the additional voluminous materials the plaintiffs had filed the day before.

[2] Moreover, instead of the shorter, less prolix pleading that I requested, counsel increased their pleading by twenty-five pages. *See* (Doc. 13).

**Discussion**

Rule 8(a)(2) states that a complaint shall consist of "a short and plain statement of the claim showing that the pleader is entitled to relief; . . . ."

As filed, this pleading is neither short nor plain. Aside from its continuing admixture of argument and citations, it indiscriminately blends factual allegations, conclusions, and speculation. Its related affidavits, declarations, and exhibits are similarly a jumble of alleged facts, conclusory and speculative assertions, personal and third-party allegations, opinions, and articles of dubious provenance and admissibility, such as local television news reports, and web-based materials.

In both form and substance, the amended complaint is anything but a short and plain statement of the pleaders' claims for relief.

Moreover, were I to deny the pending motions to dismiss, the defendants would be hard-pressed to comply with the requirement of Rule 8(a)(2) that any denial "must fairly respond to the substance of the allegation[s]." *See Bell Atlantic v. Twombly,* 550 U.S. at 544, 555 (2007) (Rule 8 requires that a plaintiff's pleadings "give the defendant fair notice of what the claim is and the grounds upon which it rests.").

Plaintiffs have failed to give the defendants or me the clearly demarked path to their objective – well-stated causes of action - that Rule 8 demands they lay out. "A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). Rather than a clear, unobstructed pathway, they have created an impenetrable thicket of often conclusory and speculative assertions, allegations, contentions, innuendo, and legal arguments and citations.

The putative complexity and novelty of their claims do not relieve them of the duty to comply with Rule 8. The Rule does not contain, and case law does not create, a "Complex Cases of First Impression and Great Import Exception." Complexity "does not relieve Plaintiffs of their responsibility to organize the complaint coherently." *Arnold v. Alphatec Spine, Inc.*, No. 1:13-CV-714, 2014 WL 2896838, at \*5 (S.D. Ohio) (citing *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at \*1 (6th Cir. 1991) (district court did not abuse its discretion in dismissing "rambling" 119-page complaint)).

A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs,* 70 F.R.D. 444, 446 (E.D. Tenn. 1975;); *see also Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("The necessity for complexity . . . does not give litigants license to plead by means of obfuscation.").

No court has the duty, which plaintiffs seek to impose on me, to sort and sift through a complaint to try to puzzle out its gravamen. *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Grimes v. Lucas Cnty. Child Support Enf't*, No. 3:18CV2524, 2018 WL 6040743, at \*1 (N.D. Ohio) (Carr, J.), *appeal dismissed*, No. 18-4229, 2019 WL 6843183 (6th Cir.); *Carr v. Noble*, No. 2:13-CV-762, 2015 WL 5579441, at \*2 (S.D. Ohio).

It's simply not my job to try to discern from plaintiffs' scattered, off-loaded stack of contentions and claims to envision what sort of plausible legal edifice a capable legal architect might erect. Plaintiffs are the masters of their complaint. *See e.g., K.B. ex rel. Qassis v. Methodist Healthcare-Memphis Hosp.*, 929 F.3d 795, 799 (6th Cir. 2019) (citing *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25 (1913)). Under Rule 8, the plaintiffs' lawyers are

4

the licensed draftsman of that edifice; they have to see to it that their handiwork passes muster under the Rule's rather modest, but express, specifications.

Thus far, they have failed to do so; their initial and amended complaints fail to comply with Rule 8's specifications.

It's up to them, as it is to all plaintiffs, to show they are entitled to a Certificate of Occupancy within this Court's docket.[3]

It is, accordingly, hereby

ORDERED THAT:

1. On or before March 5, 2021, plaintiffs shall show cause why their amended complaint should not be dismissed for noncompliance with Fed. R. Civ. P. 8(a)(2);

2. Defendants shall respond on or before March 19, 2021, at which time the issue shall be decisional; and

3. Further proceedings regarding defendants' motions to dismiss be, and the same hereby is, held in abeyance pending ruling on this Order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] I note that Fed. R. Civ. P. 10(b) provides in part, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Though not alone calling for this Show Cause Order, this provision enhances a pleader's ability to comply with Rule 8's "short and plain statement" mandate.